### W. L. DOGAN vs. J. T. GRIFFIN.

*Tax title. Tax sale. Sale of realty for taxes, part illegal. Taxes of 1861.*

Where a sale was made in 1862 by the tax collector for the taxes of 1861, the taxes for the latter year being largely made up of levies for military or war purposes: *Held*, that a valid title to real estate cannot be obtained by a sale for a tax, a part of which is illegal and void, and a portion of which is legal. It cannot be separated; a distinction is taken in the authorities between such a case and a personal action to recover of the tax collector the illegal tax collected by him.

APPEAL from the Chancery Court of *Lee* County.

Hon. O. H. WHITFIELD, Chancellor.

This case was before the court the second time, and the points settled the first time on demurrer, are reported in 48 Miss., 11, in which the case is fully stated, and to which refererence is made for the facts.

*Messrs. Robbins & Allen,* for appellant, cited and relied upon the following authorities: Acts 1861, p. 53; Thomas *v.* Taylor, 42 Miss., 651; Mississippi Central R. R. *v.* The State, 46 id., 157; Stetson *v.* Kempton, 13 Mass., 282; Libby *v.* Burnham, 15 id., 144; Hayden *v.* Foster, 13 Pick., 492; Alvord *v.* Collin, 20 id., 418; Blackwell on Tax Titles, 160, 162, 277–8; The State *v.* McGentry, 41 Miss., 435; Texas *v.* White, 7 Wall., 700.

*A. H. Handy,* for appellee:

Cited the following authorities: Smith *v.* Elder, 14 S. & M., 100; 30 Miss., 66; 9 S. & M., 138; 39 Miss., 136; Rev. Code 1857, p. 79 art. 35; Acts 1863, p. 161; 48 Miss., 19.

*Frank Johnston,* on the same side:

Cited the following: Acts 1861–2, pp. 164, 209, 31, 32, 137; 7 Wall., 732–3 and 650; 17 id., 580; 40 Miss., 638; 42 id., 653; 46 id., 157; 48 id., 22; 3 Me., 342; 3 Greenl., 197; 19 Ohio, 328; 13 Pick., 499; 15 Mass., 140–1; 13 id., 283; 1 id., 188; 2 Greenl., 376; 20 Pick., 424; 19 Wis., 634; 4 Mich., 157–8; 42 Miss., 56, 70; 8 Wall., 9; 46 Miss., 130.

TARBELL, J., delivered the opinion of the court.

This case is now before us a second time. On a former occasion it came up on demurrer to the bill, and will be found in 48 Miss., 11. It is now here on appeal from final decree, which was rendered upon bill, answer, exhibit and proofs. The proceeding is to confirm tax title, and the sole question for consideration at this time is, as to the validity of a sale of real estate made for taxes in part illegal. The sale was made in 1862, for taxes of 1861, the tax for the latter year being largely made up of levies for military or war purposes. There was a final decree confirming the title when this appeal was prayed.

On the former occasion, when this case was decided, the opin-

ion of the court concludes thus: " A further cause assigned is, that the taxes for which sale was made were in aid of rebellion. Enough does not appear in the bill fairly to raise that point. If there be anything in it, the defendants may set it up by answer. But the delinquency may have been on the assessment for ordinary state dues, the support of the civil establishment; or it may have been for this, including a sum in aid of the rebellion. What then? Part of the tax would be good and part bad, and the good and bad might be separated. In such circumstances, the case would be like a sale under two writs of *fieri facias*, one of which was void and the other valid." Whatever the form of expression, this language was understood at the time it was used, to be a mere suggestion, and not binding on the court. It is so construed now. As to the question involved, the court is very clearly of the opinion, in accordance with the unanimous course of decisions, in all the courts of the other states, that a valid title to real estate cannot be obtained by a sale for a tax, a part of which is illegal and void, and a portion of which is legal. So uniform are the decisions that discussion is considered supererogatory. The adjudications declaring this rule are very numerous. Bussey *v.* Gilmore, 3 Gr., 191; Kemper *v.* McClelland's Lessee, 19 Ohio, 308; Hayden *v.* Foster, 13 Pick., 492; Libby *v.* Burnham, 15 Mass., 144; Stetson *v.* Kempton, 13 id., 272. That a large portion of the tax levy of 1861 was for war purposes, and therefore illegal, within the authorities recognized by this court, as well as by its own decisions, are propositions also not necessary to be discussed.

Taking this view of the case at bar, attention is recalled to the fact that this case involves title to real estate acquired by purchase at tax sale, such tax being in part legal and in part illegal. A distinction is taken in the authorities between such a case and a personal action to. recover of the tax collector the illegal portion of the tax collected by him. Such an action will be sustained when the illegal and the legal portions of the tax are distinguishable and can be separated. Bangs *v.* Snow, 1 Mass., 181; Huse *v.* Merriam, 2 Greenl., 375; 13 Mass., 283; 20 Pick., 424; Torrey *v.*

Millbury, 21 id., 64.  But a sale of realty upon such a tax conveys no title.  Authorities cited, *supra;* Lacey *v.* Davis, 4 Mich., 140; and cases cited in the notes to ch. VI, of Blackwell on Tax Titles, p. 154, *et seq.*

In Kimball *v.* Ballard, 19 Wis., 634, the owner of real estate filed a bill to cancel a tax deed as a cloud upon his title. The land had been sold for taxes in part illegal.  Tender by the complainant of the legal portion of the tax, with interest, was held insufficient to entitle him to maintain the action to cancel deed. Than these, no other distinctions based on the rule first stated, have been noticed in the course of this investigation.

Counsel discuss the status of this state during the rebellion. In this case, at least, it is unnecessary to consider this important subject, possibly not yet perfectly settled.

Decree reversed, and decree here dismissing the bill.