## R. A. BEARD VS. J. A. GREEN.

1. CHANCERY PRACTICE: *Remanding cause for further proof. Carelessness or inadvertance.*

Where the defendant in equity, after the cause has been submitted on bill, answer and exhibits, without proof, moved the court to remand the cause and allow him to take proof, and supported his motion by the affidavit of his solicitor, to the effect that he had omitted to make the proof before the hearing, because of a mistaken impression on his part that the allegations of the answer were responsive to the bill, and being under oath, were to be taken as true, it was error to refuse the motion. The power of the chancery court to remand a cause for further proof at any time before final decree, and in some cases, after it, either with or without the consent of parties, is one of the marked characteristics distinguishing it from a court of law, and is one of its most salutary and beneficent powers. It should always be exercised where it is necessary to the ascertainment of the true merits of the controversy, and this is so, even where the necessity arises from the carelessness or ignorance of litigants or counsel.

2. SAME: SAME: *Taxes of 1861. A sale for taxes, embracing a levy for war purposes, is void. Case in judgment.*

If any taxes levied for purposes of war were embraced in the amount for which the sale took place, it renders the sale and the deed thereunder void.

APPEAL from the Chancery Court of *Lee* County.
Hon. O. H. WHITFIELD, Chancellor.

October 15, 1868, J. A. Green filed his bill against R. A. Beard, to confirm tax title to the land in controversy, which he had purchased from the state May 29, 1868. It had been sold for the taxes of 1861 ; sold July 7, 1862. A demurrer was filed and was sustained, and the bill was dismissed. An answer was filed September 30, 1873, setting up payment of taxes, the existence of the war, that the taxes were for the support of the war. January term, 1874, the cause was set down for hearing on bill, answer and exhibits, and taken under advisement until April term, 1874. March 31st, in vacation, appellant filed his petition to have the cause remanded to take testimony, which was overruled, and final decree rendered April 9, 1874, confirming the tax title as prayed, from which decree the case comes to this court on appeal, and the following errors are assigned :

1. In extending jurisdiction of the cause after a final decree had been rendered dismissing the bill on October 8, 1870.

2. In refusing the petition to remand the cause to rules.

3. In refusing the petition of Reese to be made a party defendant.

4. In refusing to amend the decree as moved for by the defendant.

5. In rendering a decree confirming said tax title.

6. Said decree was void, in this, that there was no bill or proceeding pending in said court at the time it was rendered, on which said decree could be rendered.

Harris & George, for appellants, filed a brief citing the following authorities: 13 S. & M., 153; id., 229; 42 Miss., 506; Steele v. Palmer, 41 id., 88; Lee v. Dozier, 40 id., 477; act 1868, p. 214.

Geo. L. Potter, for appellee, filed a brief and written argument, commenting on the facts in extenso.

CHALMERS, J., delivered the opinion of the court.

This case, with a number of others, was pending in the chancery court of Lee county, in 1870. They all have for their object to confirm title to lands bought from the state, which have become

forfeited for unpaid taxes. On the 8th of October, 1870, de-
murrers to the several bills were sustained, and the bills dismissed,
but at the same time, and as part of the same proceeding, an
order of court was entered embracing a written agreement of
counsel, substantially to the effect that an appeal should be taken
in one of them, to wit: in the case of Griffin v. Dogan et al.; that
the others should abide the result of that case in this court, and
that whatever order this court should enter in Griffin v. Dogan,
should be entered in all the other cases. This court reversed the
decree of the court below in Dogan v. Martin, and ordered the
bill to be answered in fifty days. 48 Miss., 11. Thereupon an-
swer was filed in the case at bar, and it progressed regularly to
final hearing, and resulted in a decree for complainant as prayed.
From this decree defendant below brings this appeal. It is now
insisted that inasmuch as there was final decree dismissing the
bill at the time when the demurrer was overruled, everything
done since that period has been *ultra vires* and void. There is no
doubt as a general proposition that the dismissal of a bill is a final
disposition of the cause, and that it terminates the jurisdiction of
the court alike over the persons and the subject matter, except as
to the making of necessary orders touching the custody of the
latter, pending an appeal or as enforcing the terms of the decree.

In the case at bar, the agreement of counsel reduced to writing
and entered on the minutes by a formal order of court constitutes
a part of the decree of dismissal, and so far controls it as to make
it final only, *sub modo*, that is to say, it was to be a final disposi-
tion of the cause, if the case of Griffin v. Dogan should be affirmed
here, and it was to be held for nought or set aside, if said cause
should here be reversed. That this was the agreement of counsel
and the probable understanding of the chancellor when he entered
the decree of dismissal is quite evident, both from the written
agreement entered on the minutes, and from the subsequent action
of all parties in the case at bar. It ill becomes appellant, having
without objection litigated his rights in the court below, and lost,
to insist for the first time in this court, after an appeal from the

*quasi* final decree rendered in 1870 has become barred, that said decree was a final disposition of the subject, and·that everything done since is a nullity.

One of the grounds of defense set up in the answer was payment of the taxes before sale to the state. It was alleged that the *locus in quo* which was described in the tax deed as a " lot in the town of Tupelo,'.' was part of the quarter section of land which the owner held without subdivision into lots, and upon the whole of which he had paid the taxes *in solido*. There was filed with the answer, as an exhibit thereto, a tax receipt, showing payment on several quarter sections of land, one of which, the answer alleged, embraced the lot in controversy. The case was submitted on bill, answer and exhibits, and without proof. After it was submitted, and before the chancellor had announced his conclusions, defendant, by his solicitor, moved that the cause be remanded to the docket in order that he might adduce proof to show that the lot in controversy was embraced in one of the quarters. This motion was supported by an affidavit of the solicitor, to the effect that he had omitted to make the proof before the hearing because of a mistaken impression on his part that the allegations of the answer were responsive to the bill, and, being under oath, were to be taken as true. This application was refused, and the chancellor rendered decree for complainant. This was manifestly erroneous. The power of the chancery court to remand a cause for further proof at any time before final decree, and in some cases after it, either with or without the consent of parties, is one of the marked characteristics distinguishing it from a court of law, and is one of its most salutary and beneficent powers. It should always be exercised where it is necessary to the ascertainment of the true merits of the controversy, and this is so, even where the necessity arises from the carelessness or the ignorance of litigants or counsel. 3 Greenl. Ev., § 350 et seq.; Millspaugh *v.* McBride, 7 Paige, 512; Dan. Ch. Pr., 854, 855, 975.

The main question at issue in this case was, whether the taxes were paid before sale. The receipt filed renders it at least possi-

Syllabus.

ble that they were. The failure to prove by parol before the hearing that the lot in controversy was embraced in the land covered by the receipt was an inadvertance that might have well occurred amid a multiplicity of engagements, and even if it happened through a misconception of law, should not have been allowed to prevent justice from being done.

The lot was sold in 1862 for unpaid taxes of 1861. If any taxes levied for the purposes of war were embraced in the amount for which the sale took place, it renders the sale and deed thereunder void.

We have hesitated as to whether we should not judicially take cognizance of the fact that in the levy of state taxes for 1861, there was embraced what is known as the military convention tax of 1861, and as to whether or not we should dismiss the bill. Without deciding the point, and inasmuch as the case must be remanded for the error above indicated, we will leave it as a matter for proof in the court below.

The cause is reversed and remanded, with leave to both parties to take proof as they may be advised.

