## G. B. Lewis et al. *v.* Vicksburg & Meridian Railroad Co.

1. Taxation. *Railroads. Privilege tax. Exemption. Code 1880, § 607.*

    The exemption from taxation of a railroad, under a privilege tax, will not be rigidly confined to lands actually and continuously used in operating the road; but it will not embrace land that is not used, though it is in proximity to a depot and may in future be needed for the operation of the road. *Bradley* v. *R. R. Co.,* 66 Miss. 518, distinguished.

2. Tax Sale. *Part of taxes due. Code 1880, § 525.*

    Where, on payment of a privilege tax by a railroad company, part of a tract of land owned by it is exempt (because used in operating the road) and part is not exempt, a tax sale of the whole is good as to the part not exempt if the taxes due thereon are not paid or tendered before sale. Code 1880, § 525.

From the circuit court of the first district of Hinds county.

Hon. J. B. Chrisman, Judge.

This is an action of ejectment brought by the appellants against the appellee for the possession of seventeen acres of land in the S. E. cor. of E. ½, S. E. ¼, sec. 19, T. 6, R. 1, which is traversed by the right-of-way and track of the railroad company. Plaintiffs claim under a tax title obtained through the state, the land having been sold March 7, 1881, for the taxes of 1880. The company only defends for seven acres of the land, which is situated about

the centre of the seventeen acres, and upon which is located the station for the town of Clinton.   On the trial the evidence showed that the defendant had owned the seven acres for many years.   Besides the tracks and sidings of the road, there are situated on this lot a depot, baggage-house, platforms, section-house, stable and tool-house used by the company at said station.   But the evidence showed, or tended to show, that a part of this seven acres, a triangular-shaped lot north of the railroad and depot, had never been used by the company in the operation of the road.

On behalf of the defendant it was shown that the company, in 1880, paid to the auditor the privilege tax, as provided by the statute, whereby it was exempted from taxation except as to " lands not used in operating the railroad."   Code 1880, § 607.   No schedule of the property of the company, under § 597 of the code, was filed with the auditor.   In the assessment there was no separation of the land used for railroad purposes from other lands, but the entire seventeen acres was assessed together to one Hicks, who, it seems, at one time claimed part of it.

It was also shown by defendant that said E. $\frac{1}{2}$, S. E. $\frac{1}{4}$, sec. 19, contains 80.64 acres, and that other owners paid taxes on a total of 68.50 acres therein for the year 1880, leaving only 12.14 acres upon which the taxes were not paid, whereas 17 acres were sold, which included the land used for depot purposes as above.

Plaintiffs asked the court to instruct the jury that if any part of the land in controversy was not used in operating the railroad at the time of the assessment and sale, they were entitled to recover the same.   This the court refused and granted a peremptory instruction for defendant, upon which judgment was entered, and plaintiffs appealed.

*C. M. Williamson,* for appellants.

1. A *prima facie* case was made out by the introduction of the list of lands sold to the state and the deed from the auditor to plaintiffs.   Code 1880, § 526 ; 55 Miss. 1 ; 58 Ib. 752.

2. If it be true that defendant has established that the taxes on part of the seventeen acres were paid by other persons, this will not bar plaintiffs of a recovery.   If the whole of the taxes were

not paid or tendered before sale, under our statute, the tax title is good. Code 1880, § 525; 62 Miss. 125; 60 Ib. 222; 27 Kans. 446. Aside from the privilege tax, it is not pretended that the defendant or any other person paid the taxes on any part of the seven acres, and it is the only land in controversy.

3. Section 597, code 1880, specifies the property to be scheduled by a railroad company. By complying with sections 607 and 608 as to the payment of a privilege tax, the railroad company relieved itself of the payment of all other taxes except as to lands not used in operating the road.

This case is easily distinguishable from *Bradley* v. *R. R. Co.*, 66 Miss. 518. In that case the land was used in the operation of the road. Here the facts are entirely different. All the evidence shows that a part of the land has never been used by the company. This is particularly true of the lot north of the railroad. The land not used is liable to taxation. See 62 Miss. 125; 64 Ib. 378; 65 Ib. 222.

It should have been left to the jury to say whether any part of this land was not used by the company.

*Nugent & Mc Willie,* for appellee.

1. The railroad company is not responsible for, and cannot be estopped by the action of the assessor in assessing with the land in controversy an excess of 4.86 acres—land that did not exist. The entire tract of seventeen acres was sold, while only a part could in any view of the case be delinquent.

If part of the land assessed to an individual is paid on, only the residue can be sold; if more than this is sold for the whole tax, the sale is invalid, because it is impossible to distinguish between what is in default and what is not. Blackwell on Tax Titles, §§ 50, 69, 96, 280; Cooley on Taxation, 322, 344, 345; 10 Watts, 208.

2. The land was exempt from taxation after payment of the privilege tax by the railroad company. On the seven acres are located the depot, baggage-room, platforms, section-house, and stables, tool-house and other improvements, besides the tracks and switches of the company used in operating the road. All the land was used by

the company, or by those having business with it, in shipping and receiving freight and as passengers. *Bradley* v. *R. R. Co.*, 66 Miss. 518.

The area thus used is reasonable. So long as the state allows its use for depot purposes, no one has the right to complain.

COOPER, J., delivered the opinion of the court.

The land lying north of the railroad right-of-way is not and never has been used by the company in the operation of its road. It is not connected, save by proximity, with that part of the lot used as a depot and its approaches and as residences for the employés of the company. It is not a part of the depot ground in the sense that it is convenient or necessary to the full use thereof, and while, as we held in *Bradley* v. *V. & M. R. R. Co.*, 66 Miss. 518, the courts will not rigidly confine the exemption to the land covered by the buildings of the road, or actually and constantly used, it does not follow that land not used, but which may in the future be needed for the operation of the road, is presently exempt from taxation.

There is no merit in the objection that the land was sold for more taxes than was due on it. It was the fault of the company that its exempt lot was not separated from the non-exempt portion in the assessment of the property. In any event, there were some taxes due on the non-exempt lot, and this not having been tendered before sale, it was legally sold. Code 1880, § 525.

*Judgment reversed, and cause remanded.*

*W. L. Nugent,* of counsel for appellee, filed a suggestion of error, reviewing at length the questions of law and fact involved in the original argument.

*Denied.*