## JONES ET AL. v. MOORE.

[79 South. 3, Division A.]

1. TAXATION. *Assessment. Irregularities. Waiver.*
    An objection to an assessment for taxes on the ground that two tracts of land not contiguous and not owned by the same person were assessed as one tract, should be made before its approval, under Code 1906, section 4296, giving taxpayers opportunity to object to assessments and providing for their correction and approval, and if not so made, it will not defeat a tax sale based on such assessment.

2. TAXATION. *Tax sales. Validity.*
    In such case the fact that the tax collector, accepted the taxes for one of the tracts, did not invalidate the subsequent tax sale of the other tract.

APPEAL from the chancery court of Harrison county.
HON. W. M. DENNY, JR., Chancellor.

Bill to confirm tax title by S. A. Moore against J. L.
Jones and others. From a decree for plaintiff, defend-
ant appeals.

On the assessment roll of Harrison county the land
described as the Northeast quarter of the Southwest
quarter and the Southwest quarter of the Northwest
quarter of the Northeast quarter section 33, township
7, range 12; number of acres of uncleared land, sixty;
total value of uncleared land, one hundred and twenty;
total value of both cleared and uncleared land one hun-
dred and twenty; total state taxes of both cleared land for
1902 at six mills, seventy-two cents—was assessed to
"Unknown" for the taxes for the year 1902. It later de-
veloped that one J. B. Dubinsson owned the Northeast
quarter of the Southwest quarter, which was included in
the above assessment. Dubinsson appeared at the tax
collector's office and paid the taxes for the year 1902
on his land, viz. Northeast quarter of the Southwest
quarter. No one paid taxes on the balance of the land
described in the assessment, viz. Southwest quarter of
the Northwest quarter of the Northeast quarter. There-
after on the 6th day of July, 1903, the Southwest
quarter of the Northwest quarter of the Northeast
quarter was sold by the sheriff for the taxes of 1902,
and at the tax sale was bid in by the appellee, S. A.
Moore, for the price of $23.50, and the sheriff made
Moore a tax deed to that land. On March 15, 1915,
Moore filed in the chancery court of Harrison county
a bill to confirm his tax title to the Southwest quarter
of the Northwest quarter of the Northeast quarter,
this being the land which he purchased at the said tax
sale, and made these appellees and others defendants
to this bill. At the trial Moore introduced in evidence
his tax deed to this land and rested his case. The
appellants contended, among other things, that the

assessment and sale of this land for taxes was void because the land described as the Northeast quarter of the Southwest quarter was an entirely separate tract of land from the land described as the Southwest quarter of the Northwest quarter of the Northeast quarter, these two tracts of land being separated by a third tract of land which lay between them; and because one of these tracts of land was cultivated and the other uncultivated; and because one tract was woodland and the other cleared; and because of the action of the tax collector in accepting taxes from Dubinsson on part only of the land embraced in the assessment. The appellants further contended that the appellee's right to maintain this suit was barred by the statute of limitations. The appellee contended, among other things, that his right to maintain the suit did not accrue until the expiration of the two years from the date of sale allowed for redemption, and that when he filed his suit on March 15, 1915, he was well within the time allowed by statute for the bringing of his suit. In the court below there was a decree confirming the tax sale and declaring the title to the land to be in the appellee, S. A. Moore. From that decree the appellants appealed to this court.

*White & Ford,* for appellant.

It would be difficult to conceive a state of facts where the legislative scheme for the assessment and sale of land for taxes was more radically departed from. We must bear in mind that the assessment and sale of an owner's property for taxes is a proceeding *in invitum,* and the property owner has the right to insist that all requirements of law are complied with. Independently of a valid sale, there must be a valid assessment preceding it.

It will be here noted that the presumption of validity only applies, says Judge CAMPBELL, in *Virden* v. *Bours,*

55 Miss. 26, and Judge WHITFIELD in *Nelson* v. *Abernathy,* 74 Miss. 164, where: "There was a legal assessment and a legal sale as to time, place and manner of selling."

"The policy of the government is to collect taxes with the least possible injury to the taxpayer." *Gregory* v. *Brogan,* 74 Miss. 697. Judge COOK speaking for the court in *Dunbar* v. *Lumber Company,* 102 Miss. 623, says: "It is well settled in this state that the requirement of the law providing for sale of property for taxes must be strictly complied with. It is necessary for appellant in this case to show the validity of the tax title under which she claims."

The sale here under consideration was made under the provisions of the Code of 1892. Section 3823, of that Code provides that the conveyances must be filed in the office of the chancery clerk. The bill does not allege this was done as required, under the authority of *Dunbar* v. *Lumber Co., supra.*

We will not burden the court with a discussion of sections 3776 and 3813 of the Code of 1892.

We refer the court to the following authorities on methods of sale. *Stevens* v. *Reed,* 90 Miss. 341; *Wilson* v. *Abernathy, supra; Gregory* v. *Brogan,* 74 Miss. 694; *Higdon* v. *Salter,* 76 Miss. 766; *Griffin* v. *Ellis,* 63 Miss. 348.

As to location of lands assessed in the same assessment, value, character, etc., see, *Speed* v. *McKnight,* 76 Miss. 723.

So we have an assessment of sixty acres of land, forty of which was woodland, twenty acres cleared and cultivated, fenced, etc., the forty and twenty acres nowhere touched or cornered, but the mere statement of the description shows there was a body of land lying between them.

Appellants, in order to have redeemed their land, would have been compelled to pay the taxes on

land they did not own. There was no specific assessment against the South half of the Northwest quarter of the Northeast quarter, much less the Southwest quarter of the Northeast quarter. It is too plain there was never any proper assessment against this land to support a sale, even if the sale had been valid. Here the tax collector deducted part of the land, the greater part, constituting the total assessment, and not only did not reduce the amount of tax proportionately, but increased it.

Where land is assessed as an entirety in a lump sum, the tax cannot be apportioned to the several parcels." *Howell* v. *Shannon,* 80 Miss. 598; *House* v. *Gumbel,* 78 Miss. 259. Counsel for appellee will probably rely on *North* v. *Culpepper,* 97 Miss. 730. This case, we submit, is easily distinguishable from that case and falls within the rule laid down in *Speed* v. *McKnight,* 76 Miss. 723, quoted from with approval in the case of *North* v. *Culpepper.*

As above stated, appellants have been in absolute, hostile, open, notorious, continuous, adverse possession of the land involved from prior to 1902 to the present time. The bill was filed March 15, 1915, and at the time of the filing of the bill appellants had had thirteen years adverse possession under color of title.

For the many instances of absolute departure from the statutory requirements both as to assessments and sale, we respectfully submit that the case should be reversed and decree rendered in this court for appellants.

*Mize & Mize,* for appellee.

We see no argument to be made in this case, and rest our case absolutely on the authority of *North* v. *Culpepper,* 97 Miss. 730, and respectfully refer the court to a careful perusal of that opinion, together with the brief for appellant therein by the same firm that now

represents appellant here.   Which brief and opinion
we think very able.

As contended by the attorneys for appellant in that
case and so held by the court therein, the taxes on the
land in controversy were never paid and never tender-
ed to the sheriff, and the law puts a duty on the tax-
payer, as held in that case, to see that his land is proper-
ly assessed; it gives him every opportunity to do so and
to object.  If he does not, then the approval by the
board of supervisors becomes final, as held in the North
case, supra.  The court will note that in said case the
land was not contiguous.  Just as in the case at bar;
it did not join anywhere.  Sec. 3817 of the Code of 1892
(sec. 4332, Code of 1906), declares for what reasons a
tax sale may be set aside, and provides that, if any part
of the land was chargeable with taxes, then the sale
should be valid, although a part might not have been
chargeable.

In the instant case, the sale shows how much was
chargeable against it; only   twenty-five cents of the state
and twenty-six cents to the county was due as taxes on
this twenty acres of land for which taxes, with damages,
etc., the land was sold to appellees.

Under section 1806, of the Code of 1892, the intro-
duction of tax deed was *prima-facie* evidence that the
assessment and sale of the land was legal and valid,
and this presumption included every legal step neces-
sary to the transfer of the title, and puts the burden
on the objecting party to overthrow it, which appellant
absolutely failed to do in this case.

The land was sold on the 6th day of July, 1903; ap-
pellee's bill to confirm was filed March 15, 1915. Ap-
pellee could not file his bill to confirm his title until July
6, 1905, and did file it March 15, 1915, so he was not
barred by the Statute of Limitations and would not
have been till July 7, 1915.

We respectfully submit that, under the case of *Culpepper* v. *North, supra,* and under section 3187, Code of 1892, this case should be affirmed.

HOLDEN, J., delivered the opinion of the court.

This case comes clearly within the rule announced in *North* v. *Culpepper,* 97 Miss. 730, 53 So. 419, and the chancellor was right in following it.

*Affirmed.*