[No. 20987. Department One. April 14, 1928.]

HOMER BORROUGHS et al., Appellants, v. D. W. McARTHUR et al., Respondents.[1]

[1] TAXATION (142) — TAX SALE — PERSONS WHO MAY PURCHASE — COUNTY OFFICERS OR EMPLOYEES. Rem. 1927 Sup., § 11097-120, providing no county officer or employee shall directly or indirectly be a purchaser at a county tax sale, does not prevent a purchase by one who had formerly acted part of the time as a field deputy for the county assessor, but who had done no work for the assessor for more than four months prior to the sale.

[2] TAXATION (141)—SALES—AMOUNT FOR WHICH LAND MAY BE SOLD—EXCESS TAX PAID. Under Rem. 1927 Sup., § 11097-129, requiring the purchaser at a county tax sale for delinquent taxes for any year to pay all taxes, interests and costs for all subsequent years due at the date of sale, a sale is not invalidated by the fact that the purchaser was required to pay taxes for one-half of a year that had already been paid.

[3] TAXATION (145)—SALE—SETTING ASIDE—FRAUD—EVIDENCE. Collusion and fraud in preventing competition in a county tax sale is not shown by evidence that the purchaser arranged to be represented at the sale by another, who had no intention of bidding and knew nothing about the taxes being delinquent.

Appeal from a judgment of the superior court for Whatcom county, Joiner, J., entered June 1, 1927, upon findings in favor of the defendants, in an action to set aside a tax deed. Affirmed.

[1]Reported in 266 Pac. 194.

*Peringer & Thomas,* for appellants.

*E. D. Kenyon* and *Sather & Livesey,* for respondents.

FRENCH, J.—On October 23, 1926, the county treasurer of Whatcom county sold to D. W. McArthur, trustee, lots 17 and 18, block 25, of the town of Bellingham, the said lots being sold for the 1919 delinquent taxes, amounting, with interest and costs and penalties to approximately sixty-eight dollars. For some years prior to the date of the sale, this property had been occupied by Homer Borroughs and wife, they having a contract to purchase the same. Some time in November, 1925, they received a deed to the property, and on that date gave a mortgage to the appellant Kunzmann. On May 31, 1926, Borroughs paid the first half of the taxes on the property for the year 1925, the tax receipt at that time given to him showing on its face that all taxes for the years 1919 to 1924 inclusive were delinquent and unpaid. This action was brought to set aside the tax deed. The lower court upheld the validity of the same, and this appeal follows.

There are but three assignments of error: First, that under the law the defendant D. W. McArthur, who bid in the property, being a deputy assessor in the employ of the county, was disqualified from purchasing or holding title to the property; second, that the property was sold for an excessive amount, the purchaser being required to pay the full amount of the 1925 taxes; third, that there was collusion between I. P. Abshire, the intervener, and McArthur, tending to prevent competitive bidding at the tax sale.

It is apparently admitted that the tax sale itself was regular in all respects, and that, if it is set aside, it must be because of the errors above assigned.

The law under which this sale was made provides:

"The person at such sale offering to pay the amount on each tract or lot for the least quantity thereof shall be the purchaser of such quantity, which shall be taken from the easterly side of such tract or lot, and the remainder thereof shall be discharged from the lien . . . Provided, that no county officer or employee shall directly or indirectly be a purchaser of such property at such sale." Laws of 1925, Ex. Sess., p. 306, § 120 (Rem. 1927 Sup., § 11097-120.)

[1] D. W. McArthur had, during part time, for a number of years been acting as field deputy for the county assessor of Whatcom county. A portion of the time, he had been regularly deputized, and at other times acted without the formality of a written appointment. He was paid by the day for such time as he actually worked. He was a licensed real estate broker of the city of Bellingham, maintaining a place of business there, and while acting as deputy assessor was paid five dollars per day. The evidence conclusively shows that he had done no work for the assessor of Whatcom county for more than four months prior to the date of the sale. Under such circumstances, we think the lower court was clearly right in holding that, at the time of the sale, he was not a county employee, and there seems to be no claim that he was a county officer. We think the observation made by this court in *State ex rel. Lopas v. Shagren,* 91 Wash. 48, 157 Pac. 31, and *Irving v. Ferguson,* 118 Wash. 37, 202 Pac. 269, clearly indicate that respondent McArthur could not, at the date of the sale, have been considered either a county officer or a county employee.

[2] Coming now to the question of the amount for which these lots were sold, the law provides that, at county sales such as this,

"All bidders, except the county, at sales of property for which certificates of delinquency are held by the

county shall pay the full amount of taxes, interests and costs for which judgment is rendered, together with all taxes, interests and costs for all subsequent years due on said property at the date of sale.'' Laws of 1925, Ex. Ses., p. 315, § 129 (Rem. 1927 Sup., § 11097-129.)

The judgment and order of sale in tax foreclosure were correct, and assessed against these lots only the proper amount of tax for the year 1919, together with interest and costs. It was entered prior to the date of the sale, and in accordance with Laws of 1925, Ex. Ses., p. 306, § 120 (Rem. 1927 Sup., § 11097-120). The sale itself was for the delinquent taxes of 1919, and while it is true that the county treasurer, before issuing the deed, required the purchasers to pay the taxes for all subsequent years, while, as a matter of fact one-half of the 1925 taxes had been paid by appellants, yet appellants are in no position to complain. Respondents were entitled to their deed upon paying ''all taxes, interest and costs for all subsequent years due on said property at the date of the sale.'' The property itself was not sold for an excessive amount. True, the purchasers were required to pay more taxes for the subsequent years than were actually due thereon, and the purchasers might have justly complained thereof, but there is nothing in this which could in any way invalidate the sale itself.

[3] The third assignment of error relates to collusion between I. P. Abshire and D. W. McArthur. It is alleged that it was arranged between them that McArthur should bid in the property and Abshire would refrain from bidding. Many cases hold that an agreement between respective purchasers at tax sale whereby competitive bidding is destroyed is a fraud upon the owners of the property, and that the sale will be set aside. But unfortunately for plaintiffs' conten-

tion, we can find nothing in the record which indicates that any such arrangement was made. The allegation of such collusion seems to have been made for the first time in appellant's brief. The testimony conclusively shows that, prior to the time this sale took place, Mr. Abshire had arranged with Mr. McArthur to represent him at the sale and bid for him; that Mr. McArthur had no intention of ever bidding on this property nor did he know anything about the taxes being delinquent on it or that it was for sale.

The facts disclosed by the record in this case clearly sustain the findings of the trial court.

The judgment is affirmed.

Mackintosh, C. J., Mitchell, and Parker, JJ., concur.