# HEMPHILL *v.* WOFFORD *et al.*

(Division A. April 5, 1937. Suggestion of Error Overruled May 17, 1937.)

[173 So. 426. No. 32327.]

**Valentine & Valentine**, of Cleveland, for appellant.

688

McKeigney & Latham, of Eupora, for appellees.

**Smith, C. J.**, delivered the opinion of the court.

It appears from the complainant's bill of complaint that land owned by him in the town of Eupora was sold for municipal taxes claimed to be due thereon, purchased by the town, and sold by it to the appellee Wofford. On the day the land was sold for municipal taxes,

it was also sold by the sheriff of the county for the taxes due thereon to the county and state, and there being no bidder therefor, it was struck off to the state. The town of Eupora, under statutory authority to do so, redeemed the land from this state and county tax sale. Before this sale to Wofford was made, the complainant offered to pay the municipal taxes and all expenses incurred by the town in making the same, and the money paid by it in redeeming the land from the sale to the state, and the appellant is still willing and offers to pay the same to the town.

There is one objection to the validity of the sale for municipal taxes which lies at the threshold of the case. Section 2585, Code 1930, provides that: ''Sales for the nonpayment of municipal taxes shall be made by the tax collector at such place, within the corporate limits, as the mayor and board of aldermen may direct . . . upon the same notice, at the same time, and in the same manner as provided by law for sales of like property for unpaid state and county taxes.''

The sale of the property here in question was not made at the time provided by the statute for sales of property for unpaid state and county taxes, but was made on June 6, 1932, under an order passed by the mayor and board of aldermen of the town of Eupora fixing that date therefor.

Section 3252, Code 1930, regulating the sale of land for taxes due to the county and state provides that: ''If from any cause a sale of any land for taxes which is liable to such sale shall not be made at the time appointed by law for such sale, it may be sold thereafter, in the same or a subsequent year, at any time designated therefor by order of the board of supervisors.''

No statute has been called to our attention which confers such authority on the governing board of municipalities, unless sections 3 and 31, chapter 188, Laws 1934, so do, as to which it is unnecessary for us to ex-

press an opinion for the reason that the sale here in question was made in 1932.

Counsel for appellee say: (1) That the power to fix a date for the sale of land, for municipal taxes not sold on the regular date provided by the statute, is necessarily implied in the grant to a municipality of the power to tax land and to sell it for the payment thereof. But, if mistaken in this, then (2) the sale here is valid because made on a day fixed by an order of the board of supervisors of the county in which the town of Eupora is situated, for the sale of land for delinquent taxes due the state and county.

If the statutes simply granted to municipalities the power to tax land and sell it for the payment thereof, the first of these contentions might be true, but the statutes do not do this, for they specifically provide, particularly in section 2585, when and how land may be sold for municipal taxes.

In order to hold that this order of the municipal authorities for the sale of this land is valid, it will be necessary for us, under the guise of interpretation, to add to section 2585, Code 1930, after the words ''for unpaid state and county taxes,'' the words, ''but if from any cause the sale of any land for municipal taxes, which is liable to such sale, shall not be made at the time appointed by law for such sale, it may be sold thereafter at any time designated therefor by an order of the mayor and board of aldermen.'' This we cannot do.

That the sale for delinquent municipal taxes was here made on a day set by order of the board of supervisors for the sale of land for delinquent taxes not sold on the regular day therefor, is of no consequence. No statute provides that this can be done, and there is nothing in any of the statutes called to our attention that remotely indicates that the Legislature so intended. Had the statute so provided, confusion and inequalities would have resulted therefrom. All of the state and county taxes on land in a municipality may have been paid, or if

not, all of the land taxed may have been sold on the statutory day therefor, in which event, no order for a sale thereof would be made by the board of supervisors. Moreover, such an order of the board of supervisors would have embraced only lands not sold at the statutory time for state and county taxes due thereon, and it could very well happen that a part, though not all, of the land in a municipality that was not sold on the statutory day for the sale for municipal taxes thereon would be included in the land ordered to be sold by the board of supervisors. In which event, only a part of such land in the municipality could be sold for the municipal taxes due thereon.

In the absence of legislation conferring on the governing authorities of municipalities the power conferred by it on boards of supervisors by section 3252, Code 1930, no such power can be exercised by them.

The court below should have set aside the sale of the land for municipal taxes, if and when the appellant complied with his offer of payment hereinbefore set forth.

Reversed and remanded.