TARDO et al. *v.* STERLING et al.

In Banc. Feb. 28, 1949.

(38 So. (2d) 911); (39 So. (2d) 504)

Albert Sidney Johnston, Jr., for appellants.

442

Ross & Galloway, for appellees.

444

**Montgomery, J.**

Peter Tardo, Mary Caro Tardo, and Ferdinand Haase filed their original bill of complaint in the Chancery Court of Harrison County against R. L. Sterling, seeking to confirm their title to Lot 13, Block 5, Bay Terrace addition to the City of Biloxi. The bill also made parties defendant the heirs or devisees of R. L. Sterling, if he be dead, and also all persons having or claiming any legal or equitable interest in the property. Appellee filed an answer and cross-bill seeking confirmation of the title to the property in him, the appellee.

On the trial of the suit in the court below, it was agreed that in 1932 and 1933 the City of Biloxi was not operating under a special charter but was governed by the code sections governing municipalities and by the provisions of chapter 383, Laws of Extraordinary Session of 1932, and that on January 1, 1932 the defendant, R. L. Sterling, was the owner of the property in question and the property was duly and legally assessed to him for taxes for 1932 by the City of Biloxi; that R. L. Sterling did not pay the taxes due thereon to the City of Biloxi nor any installment thereof, and that at the sale of said property for such delinquent taxes on the third Monday of September 1933, it was bought in by the City of Biloxi. The City of Biloxi retained whatever title it obtained at this sale until September 17, 1937, when it executed a quitclaim deed to said property to the said R. L. Sterling for a consideration of $136.60, which represented all of the taxes which would have accrued on the property had R. L. Sterling continued to own it, including the taxes for 1932 for which it was sold. This same property was assessed for state and county taxes for 1937 upon the 1937 assessment roll of Harrison County, and the taxes not being paid, the property was sold for the 1937 delinquent taxes due the state and county on the third Monday of September, 1938, to D. Seward, who, on June 9, 1941, quitclaimed the property to one M. E. Nichols, who, in turn, on April 13, 1945, sold the property to the complainants in the lower court and appellants here.

Appellants attacked the validity of the 1933 sale to the City of Biloxi upon the sole ground that it was sold upon an unlawful day. The appellee attacks the validity of the sale to D. Seward for taxes for 1937 upon the sole ground that on January 1, 1937 the property belonged to the City of Biloxi and was not subject to state and county taxes. There was a final decree in the court below confirming the title in the defendant, R. L.

Sterling, and from this decree the complainants in the court below appeal here.

There are only two questions presented for decision by this Court. The first question is: Was the sale to the City of Biloxi, on the third Monday of September 1933, for 1932 taxes a valid sale. As stated above, the validity of this sale is questioned on the sole ground that it was not made on the day fixed by chapter 383 of the Laws of the Extraordinary Session of 1932. It is contended by appellant that said chapter 383, Laws of Extraordinary Session of 1932, provides for the quarterly payment of taxes, authorizing the payment of one-half by February 1st, one quarter by May 1st, and one quarter by August 1st; that section 4 of the act makes it the duty of the taxpayer to pay all such taxes on or before the due dates fixed by section 1; that said act requires the sale on the first Monday of April of all lands on which the February installment has not been paid, and if the lands are not then sold the sheriff and tax collector has no authority to later sell them on the third Monday of September. We do not agree with this contention.

Section 9 of chapter 383, Laws of Extraordinary Session of 1932, so far as material here, reads as follows: "On the first Monday of April and on the third Monday of September, as the case may be, if the taxes remain unpaid, the tax collector shall proceed to sell the land or so much and such parts of the land of each delinquent taxpayer to the highest and best bidder . . .".

This Court held in Smith v. Hendrix, 181 Miss. 229, 178 So. 819, 820, "As to the dates fixed in chapter 25 of the Extraordinary Session, Laws of 1931, the first Monday of April and the third Monday of September, there is no preference or distinction; both were regular days, fixed by law, for the sale of lands for unpaid taxes." This decision is sound and well reasoned, and what was there said applies with equal force to section 9 of chapter 383, Extraordinary Session, Laws of 1932, now Section 9923, Code of 1942. ██ █ There is no distinction between

the first Monday of April and the third Monday of September as to being proper days to sell lands for unpaid taxes. The tax collector has full authority to advertise and sell, as directed by the statutes, on the first Monday of April, any lands on which the taxes are unpaid. He has the same authority on the third Monday of September, regardless of whether the land could have been lawfully advertised and sold on the first Monday of April. The only question is whether the taxes are still due and unpaid.

The second question for decision is whether or not the sale to D. Seward for state and county taxes for 1937 was a valid sale. The lien for 1937 taxes attached under Section 9744, Code of 1942, on January 1, 1937. That is the date that determines whether the lands were assessable for taxes or exempt from taxation.

The title to the property in question passed to the City of Biloxi under the 1933 sale for 1932 taxes, and not being redeemed, the title became absolute in it. Consequently, the City of Biloxi was the owner thereof on January 1, 1937, it not having ever divested itself of its tax title.

Section 3108, Code of 1930, which was in effect on January 1, 1937, provides there shall be exempt from taxation: "All property, real or personal, belonging to the state or to any county, levee board or municipal corporation thereof." In Alvis et al. v. Hicks et al., 150 Miss. 306, 116 So. 612, it was held that this exemption applies to property bought in by a municipality at its tax sales.

The property in question was owned by the City of Biloxi on January 1, 1937, and because thereof was exempt from taxation, it being property bought in by the municipality at its tax sale. The attempted assessment of the property for state and county taxes for 1937 was void for the reason the property was exempt from taxation. The assessment being void, the sale of

the property to D. Seward, for unpaid taxes, on the third Monday of September, 1938, was a void sale. Seward received no title under the aforesaid void tax sale and conveyed none to M. E. Nichols by his quit-claim deed to him. Nichols had no title to convey and conveyed none by his deed to complainants.

The Chancellor in the court below was manifestly correct in his holdings, and the decree of the lower court is affirmed.

Affirmed.

RESPONSE TO SUGGESTION OF ERROR.
(39 So. (2d) 504)

**Hall, J.**

Appellants have filed a suggestion of error asserting that the opinion herein is erroneous in holding that a municipal tax sale held on the third Monday in September 1933 is valid when the taxpayer had not elected to pay taxes on an installment basis, and appellants insist that said tax sale is controlled by the case of Hemphill v. Wofford, 178 Miss. 687, 173 So. 426, and that under the rule of stare decisis we should follow that case. The Hemphill case involved a municipal tax sale held on June 6th, 1932, pursuant to an order of the board of aldermen fixing that date for the municipal tax sale. At that time there was no statute which authorized a board of aldermen to postpone municipal tax sales to some date not fixed by law, and the court properly held the tax sale void. Chapter 383 of the Laws of the Extraordinary Session of 1932 was adopted December 21, 1932, after the tax sale in the Hemphill case and before the tax sale in the instant case, and it made specific provision for the holding of municipal tax sales on the first Monday in April or the third Monday in September. The tax sale here involved was held on the third Mon-

day in September, which is one of the two dates then authorized and fixed by law. Consequently the Hemphill case is not controlling and the suggestion of error is overruled.

Overruled.