RICHTON TIE & TIMBER Co. *v.* McWILLIAMS, et al.

Oct. 19, 1953

No. 38860 39 Adv. S. 36 67 So. 2d 374

*E. C. Fishel,* Hattiesburg, for appellant.

*Cepus Anderson*, Hattiesburg, for appellees.

ETHRIDGE, J.

The principal question on this appeal is whether under a Mississippi statute a sale of a tract for the whole of the taxes assessed, where part of the taxes thereon have been paid by paying all taxes on a distinct subdivision of the entire tract, renders the sale void.

This action was brought in the Chancery Court of Perry County by Richton Tie and Timber Company, appellant, against O. R. McWilliams and others. It was for the purpose of cancelling a forfeited tax land patent under which appellee McWilliams claimed the lands. The Major Sowers Sawmill Company became vested in 1921 and 1922 with the title to the SW¼ of the NE¼ and the NW¼ of the SE¼ of Section 19, Township 5 North, Range 11 West, Perry County. These two adjoining 40's, one north of the other, are traversed by Tallahala Creek which, according to a survey in evidence, makes an inverted "U" in the SW¼ NE¼, with the base of the "U" in the northeast corner of that 40.

In the NW¼ of SE¼ the line of the creek runs north and south through the north part of that tract, and after crossing the south line of that 20-acre unit runs in a southeasterly direction.

In 1932, the Major Sowers Sawmill Company conveyed to Ellis Cooper this 80 acres, and later in the same year Cooper conveyed this land to the City of Laurel. Five years later, in 1937, the City of Laurel conveyed the same lands, along with others, to appellant Richton Tie and Timber Company, reserving in the city the right to discharge into the creek sewage and waste of all kinds from the city's sewers and factories.

Appellee O. R. McWilliams claimed title to part of the land by virtue of two tax sales to the State, in 1928 and in 1933, and by a 1947 forfeited tax land patent from the State to him, which conveyed the SW¼ of NE¼, and all that part of NW¼ of SE¼ west and north of Tallahala Creek in Section 19. ▮▮ At the time of the 1933 tax sale the City of Laurel was the owner of the property therein, and the chancery court correctly held in its final decree that this tax sale was void because at that time the City of Laurel owned it. Code 1942, Section 9697, (b), which is Code 1930, Section 3108 (c), exempts from taxation all property belonging to municipal corporations. City of Laurel v. Weems, 100 Miss. 335, 56 So. 451 (1911); Tardo v. Sterling, 205 Miss. 439, 38 So. 2d 911, 39 So. 2d 504 (1949). Appellee took no cross appeal from the final decree, and is bound by that decision as to the 1933 tax sale.

The basic issue concerns the validity of the tax sale of April 2, 1928. There was a 1927 assessment to Hillman Runnels of ''all that part west of Tallahala Creek of SW¼ NE¼ and NW¼ SE¼, Section 19.'' On April 2, 1928, the land under this description was sold to the State. There was a 1927 assessment to Major Sowers Sawmill Company of N½, and NW¼ of SE¼ north of

creek, of Section 19, and in December, 1929, the company paid the 1927 tax on that assessment.

 The final decree of the chancery court upheld the validity of the assessment to Hillman Runnels of that part of NW¼ of SE¼ west of Tallahala Creek, and the 1928 sale under that description. It further held, and we think correctly, that the payment of 1927 taxes by Major Sowers Sawmill Company on the NW¼ of SE¼ north of creek was not effective to void the assessment to Runnels and the 1928 tax sale thereon; that the description "NW¼ of SE¼ north of creek," under which Major Sowers Sawmill Company was assessed and paid taxes, was an ambiguous and unidentifiable description, and that, therefore, the 1928 tax sale under the proper description "All of that part west of Tallahala Creek . . . NW¼ of SE¼" was good and conveyed the same to the State, which in turn patented it to appellee McWilliams in 1947. Hence it confirmed in appellant title to the SW¼ of NE¼, and all that part of NW¼ of SE¼ east of the creek, but not west of it. Appellant argues that the court erred in holding valid the 1928 tax sale to the lands in NW¼ of SE¼ west of the creek, and in refusing to confirm in appellant that tract.

Appellant's argument is to this effect: The assessment to Runnels and the tax sale were an entirety. They covered all that part west of the creek in both the SW¼ of NE¼ and NW¼ of SE¼. The court invalidated the 1928 sale as to the SW¼ of NE¼ west of the creek, because Major Sowers Sawmill Company had paid taxes on it. It held that the tax sale was void as to that tract. If void as to that, it was invalid in toto, including the other tract in the same assessment and sale, the NW¼ of SE¼ west of the creek. Appellant says that a sale of land for taxes which is partially illegal is void in toto. Appellant relies on five Mississippi cases dealing with partially illegal levies.

Dogan v. Griffin, 51 Miss. 782, (1875), involved an 1862 sale for taxes for 1861, such taxes being largely

made up of levies for confederate military purposes. This portion of the tax levy was illegal. The court held that, "A valid title to real estate can not be obtained by a sale for a tax, a part of which is illegal and void, and a portion of which is legal." Hence the court refused confirmation of the tax title. Gamble v. Witty, 55 Miss. 26 (1877), concerned the validity of a tax sale for both state and county taxes. The state taxes were legal, but the county tax levy had exceeded statutory limitations on the power of the board. The court held that "a sale for taxes, part of which are legal, and part illegal, is void." If the tax collector sells lands for both a legal and an illegal levy, "thus blending them in one sale, he can not convey title, because the sale is entire, and the legal and illegal can not be separated." To the same effect are Peterson v. Kittredge, 65 Miss. 33, 3 So. 65, 5 So. 824 (1887); Shattuck v. Daniel, 52 Miss. 834 (1875); Day v. Smith, 87 Miss. 395, 39 So. 526 (1905); Beard v. Green, 51 Miss. 856 (1876).

These cases deal with situations where part of the levy of the tax itself is illegal and part is legal, and they were not readily separable. But in the present case part of the assessment and sale, as to that part of the south 40 west of the creek, can easily be separated from the part upon which the sale was not effected, that part of the north 40 west of the creek. In other words, the legal and illegal portions of the 1928 sale can be separated clearly and certainly. A more conclusive distinction from these cases of partially invalid tax levies, however, is the fact of a curative statute designed to apply specifically to partially void tax sales.

 In the absence of a statutory provision to the contrary it has been held that, "A sale of the tract for the whole of the taxes assessed, when part of the taxes thereon had been paid, renders the sale void. A tax sale made for an excessive amount is void." Dickinson v. Arkansas City Improvement Co., 77 Ark. 570, 92 S. W. 21; 113

Am. St. Rep. 170 (1906); 61 C. J., Taxation, Sec. 1605, pp. 1190-1193; compare Ibid., Sec. 704, p. 571; Sec. 759, p. 619, Sec. 1528, p. 1129. However, Miss. Code 1906, Sec. 4332, entitled "Form and Effect of Conveyance," contains a statutory provision which was applicable to this tax sale and in effect in 1928. This same provision was first enacted in Miss. Code 1880, Sec. 525. It has been carried forward in Code 1892, Sec. 3817; Code 1906, Sec. 4332; Hemingway's Miss. Code 1917, Sec. 6966; Hemingway's Miss. Code, 1927, Sec. 8251; Code 1930, Sec. 3273; Code 1942, Sec. 9958. That statute, Sec. 4332, Code of 1906, first sets forth the form of the tax collector's deed. It then provides: "Which conveyance shall vest in the purchaser a perfect title to the land sold for taxes, subject to the right of redemption; and no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place; and, if any part of the taxes for which the land was sold was illegal or not chargeable on it, but part was chargeable, that shall not affect the sale nor invalidate the conveyance, unless it appear that before the sale the amount legally chargeable on the land was paid or tendered to the tax-collector."

This act is applicable to the instant 1928 tax sale: if any part of the taxes was illegal or not chargeable on the land, but part was chargeable, that shall not invalidate the sale. The "unless" clause provides only that the sale shall not be valid if before sale the taxpayer, either Hillman Runnels or appellant's predecessor in title Major Sowers Sawmill Company, had paid or tendered the taxes to the tax collector, on the entire lands as assessed and properly described. This was not done.

In Lewis v. Vicksburg and Meridian Railroad Company, 67 Miss. 82 (1889), 17 acres for the year 1880 were

assessed together to Hicks, who at one time claimed part of this tract in the Town of Clinton. The right of way of the railroad company traversed this land. Defendant railroad owned seven acres in it. The company paid the state privilege tax, under which it was exempted from ad valorem taxation except as to "lands not used in operating the railroad." In 1881 the 17-acre tract sold to the state for delinquent 1880 taxes, and plaintiff Lewis claimed by patent from the state. He brought this action of ejectment against the railroad. On the seven acres owned by the railroad were its tracks, a depot, section house and other improvements. But a part of this seven acres had never been used by the railroad in the operation of the road. Plaintiff requested an instruction that, if any part of the land of the railroad was not used in operating the railroad at the time of the assessment and sale, plaintiff was entitled to recover the same. This was refused and a peremptory instruction granted the railroad. On appeal the judgment was reversed and remanded for refusal of the above instruction. It was held that the railroad company's exemption from ad valorem taxes extended only to the land actually used in operating the road. Where a part of a tract of land was exempt and a part not exempt, the 1881 tax sale as a whole was held to be good as to the part not exempt. The court relied upon the above quoted statute, Code 1880, Sec. 525. In brief, taxes had been paid upon part of the land, as in the case at bar, and had not been paid upon part. The tax sale was of the entire tract, and relying upon the statute, the court upheld that part of the sale upon which taxes had not been paid and for which there was not an exemption.

In Tatum v. Smith, 158 Miss. 511, 130 So. 683, (1930), the State Tax Commission directed the Board of Supervisors of Bolivar County to raise the assessment of certain classes of property. The order increasing the assessment was void, because the minutes of the board failed to disclose publication of notice. Defendant claimed

under a tax sale based upon this assessment. The court quoted the above curative statute, and held that the entire assessment roll was not void, but only that part increasing the assessments. Plaintiff, original owner of the land at the time of the tax sale, owed taxes according to the original assessment, and since under the statute she did not tender to the tax collector the taxes so due, the sale made by him was held to be valid. In this case part of the assessment was void and part of it valid; the statute was applied to uphold the tax sale as to the valid part.

North v. Culpepper, 97 Miss. 730, 53 So. 419 (1910), and Jones v. Moore, 118 Miss. 68, 79 So. 3, (1918), involved situations where taxes were paid on part of the assessment, and the sheriff sold only the assessed land upon which taxes were not paid. The tax sales as to the latter tracts were upheld, the court relying upon the curative statute. Compare Borroughs v. McArthur, 147 Wash. 550, 266 P. 194 (1928).

 Hence we think that Sec. 4332, Code of 1906, by its express terms and by the interpretations of it in the Lewis, Tatum, North and Jones cases is applicable here. The 1928 tax sale of the lands in the south 40 acres west of Tallahala Creek was valid, where taxes were paid on the same assessment only as to the lands in the north 40 acres west of the creek, and the chancellor was correct in so holding.

 The bill of complaint prayed also for a judgment against appellees, McWilliams and Herschenan, for the timber cut off of the lands confirmed in appellant. The testimony for appellant and appellees was conflicting as to the amount and value. The final decree denied appellant any recovery for timber cut. But since it was undisputed that these appellees had cut timber off of the lands, the title to which was confirmed in appellant, the trial court erred in failing to determine the value of that cut and in failing to give appellant a judgment

for it. Hence the decree of the chancery court is affirmed in part, and in part reversed and remanded for adjudication on the latter issue.

Affirmed in part, and in part reversed and remanded.

*Roberds, P. J.,* and *Kyle, Arrington* and *Lotterhos, JJ.,* concur.