# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00940-COA

TABORIAN URGENT CARE CENTER INC.,    APPELLANTS
MARGO CHRISTIAN BROOKS AND CITY OF
MOUND BAYOU, MISSISSIPPI

v.

BDT HOUSING SERVICES ENTERPRISE,    APPELLEES
INTERNATIONAL ORDER OF TWELVE
KNIGHTS AND DAUGHTERS OF TABOR,
MISSISSIPPI JURISDICTION INC. A/K/A
INTERNATIONAL ORDER OF TWELVE
KNIGHTS AND DAUGHTERS OF TABOR IN
MISSISSIPPI AND ANY OTHER PERSONS OR
ENTITIES THAT MAY CLAIM AN INTEREST
IN THE SUBJECT PROPERTY

| | |
|---|---|
| DATE OF JUDGMENT: | 06/02/2017 |
| TRIAL JUDGE: | HON. WATOSA MARSHALL SANDERS |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANTS: | HELEN E. MORRIS LEVI BOONE |
| ATTORNEYS FOR APPELLEES: | SHELDON G. ALSTON CHAKA DENISE SMITH JESSE STEVEN NEW |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | APPEAL DISMISSED - 11/06/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.

### GREENLEE, J., FOR THE COURT:

¶1.    This appeal arises from an action to quiet title filed by the International Order of

Twelve Knights and Daughters of Tabor (KAD) against BDT Housing Services (BDT). The

chancery court granted the City of Mound Bayou (the City), Taborian Urgent Care Center (TUCC), and Margo Christian Brooks the right to intervene. In the order granting TUCC and Brooks's intervention, the court held that it was holding the intervention in abeyance but was specifically reserving TUCC's and Brooks's rights to argue that KAD was a "defunct" corporation. The court entered its judgment quieting and confirming title in favor of KAD before hearing TUCC's and Brooks's arguments. Further, the judgment was entered before the City was able to file a cross-petition to confirm title. Because the judgment was not a final judgment or certified pursuant to Mississippi Rule of Civil Procedure 54(b), we dismiss for lack of jurisdiction.

## BACKGROUND

¶2.     This appeal arises out of KAD's suit to quiet and confirm title to five pieces of property. KAD is a fraternal organization that was established as a Mississippi nonprofit corporation in 1903. Until the mid-1980s, KAD engaged in various charitable endeavors within and around Mound Bayou, Mississippi. During this time, KAD acquired five tracts of land in Mound Bayou and through fund-raising efforts built the Taborian Hospital, which KAD operated until 1983.

¶3.     By the 2000s, KAD's membership had dwindled; its members were older, and meetings were poorly attended. In addition, much of KAD's property was in disrepair. On April 25, 2007, KAD called a special meeting to revitalize the organization and to elect a new Grand Chief Mentor to replace Kemper Smith, whose failing health rendered him unable to continue serving as the organization's leader. The minutes from the meeting reflect that

2

a quorum was present, and a resolution was passed by unanimous vote authorizing Kemper Smith Jr. and Myrna Smith-Thompson to jointly assume the duties of International Grand Chief Mentor. The resolution allocated Smith Jr. and Smith-Thompson the authority to "[m]ake, execute and deliver . . . instruments of conveyance covering real, personal or mixed properties owned . . . by the Knights & Daughters of Tabor[.]" Notice of publication was provided to all current and former KAD members in four local newspapers during three consecutive weeks. Although invited, no opposition to the resolution was received.

¶4. Upon assuming their roles as co-Grand Chief Mentors, Smith Jr. and Smith-Thompson sought to address the disrepair of KAD's real property through a partnership with the City. On May 10, 2010, KAD leased the Taborian Hospital and the Taborian Administration Building, including the land between the two structures, to the City for a thirty-year term. On September 8, 2014, in effort to apply for grant money to restore the hospital, KAD filed articles of incorporation with the Mississippi Secretary of State, applying for status as a nonprofit corporation pursuant to 26 United States Code section 501(c)(3) (2011).

¶5. On May 18, 2015, the City sublet the Taborian Hospital, the Taborian Administration Building, and the land between both structures to TUCC. The sublease was made subject to the terms and provisions of the original lease agreement between KAD and the City. On October 13, 2015, KAD filed to evict the City and TUCC, alleging breach of the lease. Resolution of KAD's complaint is still pending in the Bolivar County Court.

¶6. On November 4, 2016, five individuals claiming to be surviving members of KAD quitclaimed the subject property to BDT. Later that month, on November 30, 2016, KAD

3

executed a special warranty deed conveying a portion of the subject property to "Knights and Daughters of Tabor KDT."

¶7. In January 2017, KAD filed a petition against BDT to quiet and confirm title to the five tracts of land at issue. BDT filed its answer and counter-petition to quiet and confirm title on May 3, 2017.

¶8. On May 2, 2017, TUCC and its CEO, Brooks, filed a motion to intervene. On May 3, 2017, the chancellor heard arguments on KAD's petition to quiet and confirm title. On May 15, 2017, the City of Mound Bayou filed a motion to intervene.

¶9. The chancery court granted TUCC and Brooks the right to intervene on May 22, 2017, nunc pro tunc to May 3, 2017. In granting TUCC and Brooks the right to intervene, the court held that the intervention would be held in abeyance until it determined whether KAD, BDT, or neither owned the Taborian Hospital building. Notwithstanding the abeyance, the court specifically reserved TUCC's and Brooks's rights to argue that KAD was a defunct corporation. On May 23, 2017, TUCC and Brooks filed their cross-petition to confirm title and for other relief.

¶10. On May 31, 2017, the court granted the City the right to intervene.

¶11. On June 2, 2017, the court entered its final order on KAD's petition to quiet and confirm title. In the order, the court found that KAD was an entity in good standing and that KAD was vested with title to the land at issue. On June 9, 2017, TUCC and Brooks filed a "Motion for Status Conference," requesting a hearing on their cross-petition and seeking to conduct discovery on KAD's corporate status. KAD filed its response on June 21, 2017,

4

arguing that TUCC and Brooks's motion for a status conference should be denied and their cross-petition dismissed. The record does not show that the court ruled on TUCC and Brooks's motion.

¶12.    TUCC and Brooks filed their notice of appeal on June 29, 2017. The City filed its notice of appeal on July 5, 2017, thirty-three days after the court entered the final order quieting and confirming title in KAD.[1] On appeal, TUCC, Brooks, and the City argue that the court did not afford them the opportunity to meaningfully intervene.

**DISCUSSION**

¶13.    The parties have not raised an issue as to whether the chancery court's judgment is appealable. Nevertheless, we must address this question on our own initiative. *Deutche Bank Nat. Trust Co. v. Brechtel*, 81 So. 3d 277, 279 (¶10) (Miss. 2012).

¶14.    "Generally, parties may only appeal from a final judgment." *Harris v. Waters*, 40 So. 3d 657, 658 (¶3) (Miss. Ct. App. 2010). "A final, appealable judgment . . . adjudicates the merits of the controversy [and] settles all issues as to all the parties, and requires no further action by the [ruling] court." *Id.* (internal quotation marks omitted). Rule 54(b) provides an exception to this rule by allowing the trial court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties." But the chancery court may do so "only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment." *Id.* Absent a 54(b) certification, any judgment—regardless of how designated—is not final if it "adjudicates fewer than all of the

---

[1] Because we dismiss for lack of a final, appealable judgment, we do not address the untimeliness of the City's appeal.

5

claims or the rights and liabilities of fewer than all the parties." *Id.*

¶15.    The chancery court's decision whether to certify a judgment as final under Rule 54(b) is discretionary. M.R.C.P. 54(b) advisory committee's notes. However, should the court elect to certify the judgment as final under Rule 54(b), the court "must do so in a definite, unmistakable manner." *Id.*

¶16.    Here, the chancery court's order failed to adjudicate the rights of all the parties. TUCC's and Brooks's reserved rights to contest KAD's corporate status are still outstanding. There has been no ruling on TUCC and Brooks's cross-petition to confirm and quiet title, and the City did not have the opportunity to file a cross-petition after they were granted the right to intervene. The court's order was not certified as a final judgment pursuant to Rule 54(b).

¶17.    Because the judgment appealed from is not a final, appealable judgment, we lack jurisdiction and therefore dismiss this appeal.

¶18.    **APPEAL DISMISSED.**

    **LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WESTBROOKS AND TINDELL, JJ., CONCUR. WILSON, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., NOT PARTICIPATING.**

6