# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01826-COA

**DURRANT INC. AND BENNETT HILLS INC.**                    **APPELLANTS**

**v.**

**LEE COUNTY, MISSISSIPPI, LEE COUNTY**                    **APPELLEES**
**CHANCERY CLERK, LEE COUNTY TAX**
**ASSESSOR, LEE COUNTY TAX COLLECTOR,**
**STATE OF MISSISSIPPI,  RAPTOR HOTEL**
**LLC, AND COMERICA INC.**

| | |
|---|---|
| DATE OF JUDGMENT: | 11/08/2019 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| COURT FROM WHICH APPEALED: | LEE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | JOHN ANDREW HAMMOND |
| ATTORNEYS FOR APPELLEES: | NANCY MORSE PARKES |
| | MARGARET SAMS GRATZ |
| | GARY L. CARNATHAN |
| | JOSEPH AARON SPEARMAN |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 12/14/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WILSON, P.J., GREENLEE AND LAWRENCE, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1.     In this case, Durrant Inc. and Bennett Hills Inc. bought the same property at tax sales in 2016 and 2017, respectively, and later sued to set aside their purchases and obtain refunds of the amounts that they paid.  The Lee County Chancery Court dismissed the complaint after finding that both companies lacked standing to assert their claims.  More precisely, the chancellor found that Bennett Hills' claim was not ripe, and Durrant's claim was

retroactively precluded by a statutory amendment that became effective on July 1, 2019. We agree that Bennett Hills' claim was premature and not yet ripe, but Durrant's claim was not precluded by the statutory amendment. Accordingly, we affirm the chancery court's judgment in part, and we reverse and remand in part for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2. This litigation centers on a 2.42-acre property in Lee County, Mississippi. Raptor Hotel LLC operated a hotel on the property until the hotel permanently closed in 2011. After Raptor Hotel failed to pay its property taxes, Durrant paid $57,899.15 to buy the property at Lee County's August 2016 public tax auction. Bennett Hills paid $59,427.39 to buy the same piece of property at Lee County's August 2017 public tax auction.

¶3. In May 2019, Durrant and Bennett Hills filed a joint complaint to set aside the 2016 and 2017 tax sales and refund the amounts that they paid.[1] They alleged that both tax sales were void because the Lee County Tax Assessor incorrectly calculated the property's true value. They also claimed that the 2016 tax sale was void because the chancery clerk did not send Raptor Hotel the requisite notice before the end of the two-year redemption period.

¶4. Comerica Inc. and the State filed answers denying any liability or interest in the case. Lee County, the Lee County Chancery Clerk, the Lee County Tax Assessor, and the Lee County Tax Collector (collectively "the County") also filed an answer denying that Durrant and Bennett Hills were entitled to relief. The County then filed a motion to dismiss the

---

[1] Durrant and Bennett Hills listed seven defendants in their complaint: (1) Lee County, Mississippi, (2) the Lee County Chancery Clerk, (3) the Lee County Tax Assessor, (4) the Lee County Tax Collector, (5) the State of Mississippi, (6) Raptor Hotel LLC, and (7) Comerica Inc.

complaint for failing to state a relievable claim. According to the County, Durrant and Bennett Hills lacked standing to challenge the tax sales. The County further argued that Bennett Hills' claim was not ripe because the two-year redemption period for the 2017 tax sale had not expired.

¶5. After Durrant and Bennett Hills filed their joint response in opposition and the County filed a rebuttal, the chancellor conducted a hearing on the County's motion. Ultimately, the chancellor entered a detailed order granting the County's motion to dismiss. The chancellor found that Bennett Hills' challenge of the 2017 tax sale was not ripe when Durrant and Bennett Hills filed the complaint in May 2017 because the two-year redemption period had not yet expired. The chancellor also found that Durrant lacked standing to challenge the 2016 tax sale because Durrant's claim was retroactively precluded by the July 1, 2019 amendment to Mississippi Code Annotated section 27-45-27 (Supp. 2019) to provide that "[n]o purchaser of land at any tax sale . . . shall have any right of action to challenge the validity of the tax sale." Durrant and Bennett Hills appeal.

**STANDARD OF REVIEW**

¶6. "A motion to dismiss for failure to state a claim under Rule 12(b)(6) [of the Mississippi Rules of Civil Procedure] raises an issue of law [that] we review de novo." *Singing River Health Sys. v. Vermilyea*, 242 So. 3d 74, 77 (¶6) (Miss. 2018). "A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, and review is limited to the content of the complaint." *Id*. "On a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that

the plaintiff will be unable to prove any set of facts in support of his claim." *Id*. (internal quotation marks omitted).

## ANALYSIS

### I.     The chancery court's order was a final judgment.

¶7.     Along with Lee County, the chancery clerk, the tax assessor, and the tax collector, Durrant and Bennett Hills listed Raptor Hotel, Comerica, and the State as defendants. Comerica and the State both filed answers asserting that Durrant and Bennett Hills did not seek any relief against them.  Raptor Hotel did not file an answer.  The chancery court's motion to dismiss only addressed Durrant's and Bennett Hills' claims against the County.

¶8.     Because the chancery court's dismissal order lacks language certifying that its order is a final judgment as set forth in Rule 54(b) of the Mississippi Rules of Civil Procedure, this Court ordered the parties to file supplemental briefs addressing whether we have jurisdiction over this appeal.  *See Rogers v. Pavlou (In re Est. of Pavlou)*, 308 So. 3d 1284, 1287 (¶9) (Miss. 2021) (An appellate court must inquire into its jurisdiction regardless of whether the parties raise the issue.).  "Generally, parties may only appeal from a final judgment." *Taborian Urgent Care Ctr. Inc. v. BDT Hous. Servs. Enter.*, 271 So. 3d 556, 559 (¶14) (Miss. Ct. App. 2018).  "A final, appealable judgment adjudicates the merits of the controversy and settles all issues as to all the parties, and requires no further action by the ruling court." *Id*. If the order is not a final, appealable judgment, this Court lacks jurisdiction. *Id*. at 560 (¶17).

¶9.     In the supplemental brief filed by Durrant and Bennett Hills, they concede that they did not seek any affirmative relief against Raptor Hotel, Comerica, or the State.  They assert

4

that they named those three defendants because Mississippi Code Annotated section 11-17-1 (Rev. 2019) requires certain nominal defendants to be included in suits to set aside tax sales. They also assert that Mississippi appellate courts have routinely heard appeals to set aside tax sales despite that they stem from judgments that do not address those nominal defendants. In the State's brief, which the County joins, the State agrees that it had no interest in the property at issue at the time Durrant and Bennett Hills filed their joint complaint. The State also agrees that Durrant and Bennett Hills did not request any specific relief from the State. Nevertheless, the State argues that the chancery court's judgment was not final because the chancery court did not specifically "adjudicate that there were no claims against the State or the other defendants."

¶10.    Durrant and Bennett Hills did not seek any relief from Raptor Hotel, Comerica, or the State, and those entities were named in the suit only as nominal defendants. By adjudicating Durrant's and Bennett Hills' claims against the County, the chancery court fully and finally resolved the merits of the controversy and settled all issues to all parties. *Taborian Urgent Care Ctr. Inc.*, 271 So. 3d at 559 (¶14). Moreover, no further action was required by the chancery court. *Id*. Accordingly, we conclude that the chancery court's judgment was final and that this Court has appellate jurisdiction.

## II.    Bennett Hills' challenge of the 2017 tax sale was premature.

¶11.    According to the chancery court's order, "Bennett Hills alleges, in general terms, that (1) the Tax Assessor violated the statutory guidelines for assessment of ad valorem taxes, and (2) the Chancery Clerk failed to comply with the statutory 'right of redemption' notice

5

requirements regarding the 2017 sale." Regarding the first claim, the chancellor found that the proper method to challenge a property-tax assessment was either through Mississippi Code Annotated section 27-35-119(2) (Rev. 2017) or Mississippi Code Annotated section 11-51-77(1) (Rev. 2019). The chancellor found that the time to challenge an assessment under either statute had expired.

¶12. As for Bennett Hills' second claim—that the chancery clerk failed to send the requisite notice in advance of the redemption-period deadline—the chancellor found that Bennett Hills' claim was not ripe because Durrant and Bennett Hills filed their joint complaint in May 2019, and the 2017 tax sale redemption period as to Bennett Hills did not expire until August 2019. Bennett Hills claims that both of the chancellor's conclusions were incorrect.

### A.    Tax Assessment

¶13. Mississippi Code Annotated section 27-35-49 (Rev. 2017) obligates a "tax assessor to assess all the lands in his county[,]" appraise it "according to its true value[,]" and assess it "in proportion thereto, taking into consideration the improvements thereon." A county board of supervisors must then hold a meeting "on the first Monday of August, to hear objections to the assessment." Miss. Code Ann. § 27-35-89(1) (Rev. 2017). "All persons who fail to file objections shall be . . . precluded from questioning its validity after its final approval by the board of supervisors or by operation of law, except minors and persons non compos mentis." Miss. Code Ann. § 27-35-93 (Rev. 2017). "Any taxpayer who feels aggrieved at the action of the board of supervisors in equalizing his assessments shall have

6

the right of appeal to the circuit court in the manner provided by law, within twenty . . . days after the date" that the board's clerk mails notice that the board has finally approved the contested assessment. Miss. Code Ann. § 27-35-119(2) (Rev. 2017).

¶14. Bennett Hills concedes that it did not attempt to challenge the 2016 assessment through sections 27-35-93 or 27-35-119(2). That is understandable, considering that Bennett Hills was not the record landowner when the statutory deadlines to challenge the assessment lapsed approximately one year before the 2017 tax sale. Bennett Hills cites several cases to support its argument "that a valid assessment is crucial to any tax[-]sale purchaser attempting to confirm its title and that invalid assessments have long been grounds to set aside tax sales." The cases that Bennett Hills cites all involve procedural failures or irregularities that rendered the assessments invalid and void.[2] Essentially, Bennett Hills merely argued that the assessment was too high. We agree with the chancellor that such a challenge to a tax assessment may be pursued only by filing objections before the board of supervisors and then by filing a timely appeal in the circuit court. Accordingly, Bennett Hills' challenge to the 2016 tax assessment fails to state a claim upon which relief can be granted.

### B. Redemption Period

¶15. The chancellor found that Bennett Hills' remaining assertion was not ripe. That is, the chancellor found that Bennett Hills prematurely filed a complaint as to the 2017 tax sale

---

[2] *Wilson v. Eckles*, 232 Miss. 577, 581-82, 99 So. 2d 846, 847-48 (1958); *City of Ellisville v. Smith*, 221 Miss. 234, 237-40, 72 So. 2d 451, 452-53 (1954); *Richton Tie & Timber Co. v. McWilliams*, 218 Miss. 355, 360-63, 67 So. 2d 374, 376-78 (1953); *Walker v. Polk*, 208 Miss. 389, 396-99, 44 So. 2d 477, 478-81 (1950); *Tatum v. Smith*, 158 Miss. 511, 130 So. 683, 683-84 (1930).

because the chancery clerk's time to send the requisite notice prior to the two-year redemption period would expire in August 2019. *See* Miss. Code Ann. § 27-45-3 (Rev. 2017) ("The owner, . . . or any person interested in the land sold for taxes, may redeem the same . . . within two . . . years after the day of sale . . . ."); Miss. Code Ann. § 27-43-1 (Rev. 2017) ("The [chancery] clerk . . . shall, within one hundred eighty . . . days and not less than sixty . . . days prior to the expiration of the time of redemption with respect to the land sold, . . . be required to issue notice to the record owner of the land sold . . . ."). The chancellor correctly noted that Durrant and Bennett Hills filed their joint complaint on May 24, 2019, and the chancery clerk had until June 29, 2019, to send the notice required by section 27-43-1. Since the redemption-notice period had not yet expired, the chancellor reasoned that Bennett Hills' claim was not yet ripe. Bennett Hills argues that the chancellor erred.

¶16. "A cause of action must exist and be complete before an action can be commenced, and, when a suit is begun before the cause of action arises, it will generally be dismissed if proper objection is taken." *State ex rel. Holmes v. Griffin*, 667 So. 2d 1319, 1325 (Miss. 1995). "The mere passage of time without refiling is not sufficient." *Id*. After finding that the appellant's claim was not ripe, the Supreme Court went on to say, "[U]nder the principles of judicial economy and fairness, . . . and in the interest of the public policy involved with the merits of the issues raised today, we will not dismiss this case for a procedural defect." *Id*. Although the Supreme Court went on to discuss the remaining merits of the case, the Supreme Court reiterated in its closing language that the plaintiff lacked standing, and the

8

premature action was not cured by the passage of time. *Id*. at 1327.

¶17.    We agree with the chancellor that as of the filing of Durrant and Bennett Hills' joint complaint, any claim that the 2017 tax sale should be set aside for lack of notice of the impending lapse of the redemption period was not ripe because there was still time for the chancery clerk to provide the notice. Although "[a] tax-sale purchaser undeniably holds an interest in the property, both prior to and after expiration of the redemption period, regardless of the validity of the sale[,]" a tax-sale purchaser does not obtain "an *actionable* interest in the property [until] the expiration of the redemption period[.]" *SASS Muni-V LLC v. DeSoto County*, 170 So. 3d 441, 449 (¶21) (Miss. 2015) (emphasis added). Consequently, the chancery court correctly found that Bennett Hills' claim was not yet ripe and must be dismissed. That portion of the chancery court's ruling is affirmed.

**III.    Section 27-45-27(2) does not retroactively bar Durrant's claim to set aside the 2016 tax sale.**

¶18.    According to Durrant, the chancellor erred when she retroactively applied section 27-45-27(2) (Supp. 2019) and thus found that Durrant lacked standing to challenge the 2016 tax sale. The Mississippi Supreme Court has explained that "[s]tanding is an aspect of subject-matter jurisdiction." *SASS Muni-V*, 170 So. 3d at 445 (¶12). "The existence of subject-matter jurisdiction turns on the well pleaded allegations of the complaint which are taken as true." *Id*. An appellate "[c]ourt reviews questions of standing de novo." *Id*.

¶19.    The Supreme Court has held "that a tax-sale purchaser has standing to challenge the validity of the sale under the notice provisions of the tax-sale statutes." *Id*. at 449 (¶21). Effective July 1, 2019, the Legislature abrogated the *SASS Muni-V* standing rule by amending

9

section 27-45-27 (Rev. 2017), which now provides: "No purchaser of land at any tax sale, nor holder of the legal title under him by descent or distribution, shall have any right to challenge the validity of [a] tax sale." Miss. Code Ann. § 27-45-27(2) (Supp. 2019). Although Durrant and Bennett Hills filed their complaint in May 2019, the chancellor found that the amended version of section 27-45-27(2) applies retroactively because it precludes a tax-sale purchaser's ability to raise a cause of action, rather than a vested contractual or property right.

¶20. On appeal, Durrant notes that this Court has twice found that the amended version of section 27-45-27(2) does not apply retroactively. *Bennett Tax Co. Inc. v. Newton County*, 298 So. 3d 440, 445 (¶¶10-11) (Miss. Ct. App. 2020); *Panola Cnty. Tax Assessor v. Oak Inv. Co.*, 297 So. 3d 1122, 1130 (¶29) (Miss. Ct. App. 2020). The County argues that these two cases are distinguishable because in both cases the final judgments were entered before the amended version of section 27-45-27(2) became effective. *Bennett Tax*, 298 So. 3d at 442 (¶3); *Panola County*, 297 So. 3d at 1127 (¶20). Here, the chancellor's final judgment was entered in November 2019, several months after the amendment became effective in July 2019.

¶21. In *Cellular South Inc. v. BellSouth Telecommunications LLC*, 214 So. 3d 208, 214 (¶16) (Miss. 2017), the supreme court explained:

> [E]very right or remedy created solely by the repealed or modified statute disappears or falls with the repealed or modified statute, unless carried to final judgment before the repeal or modification, save that no such repeal or modification shall be permitted to **impair the obligation of a contract or to abrogate a vested right.**

(Emphasis added). Here, the chancellor's November 2019 order granting the County's motion to dismiss clearly postdates the amendment's July 1, 2019 effective date. Thus, the amendment must be applied unless it impairs the obligation of a contract or abrogates Durrant's vested right.

¶22. "In order to become vested, the right must be a contract right, a property right, or a right arising from a transaction in the nature of a contract which has become perfected to the degree that it is not dependent on the continued existence of the statute." *State ex rel. Pittman v. Ladner*, 512 So. 2d 1271, 1275-76 (Miss. 1987). The United States Supreme Court has held "that any substantial alteration by subsequent legislation of the rights of a purchaser at tax sale, accruing to him under laws in force at the time of his purchase, is void as impairing the obligation of contract." *Wood v. Lovett*, 313 U.S. 362, 369 (1941). The County asserts that this case is different than the United States Supreme Court case in *Wood* or the Mississippi case it cited: *Price v. Harley*, 142 Miss. 584, 107 So. 673 (1926). In *Price*, 107 So. at 674, the Mississippi Supreme Court held that "[t]he validity of [a tax-sale purchaser's] deed must be determined by the law in force at the time the sale was made." Further, this court has already held that retroactively applying section 27-45-27(2) "would impair the obligations of contract and retroactively apply a statute [that] does not meet the statutory retroactivity test[.]" *Bennett Tax*, 298 So. 3d at 445 (¶10) (citing *Cellular South*, 214 So. 3d at 213 (¶10)). Therefore, we conclude that Durrant had standing to challenge the 2016 tax sale. We reverse the chancellor's judgment as to Durrant and remand the case for further proceedings consistent with this opinion.

**CONCLUSION**

¶23.    The chancellor correctly found that Bennett Hills did not state a viable claim to set aside the 2017 tax sale due to the tax assessor's allegedly inaccurate tax valuation of the property at issue.  Further, the chancellor was also correct that Bennett Hills' claim that the 2017 tax sale should be set aside because the chancery clerk had not yet sent the requisite notice before the expiration of the two-year redemption period was not yet ripe.  We affirm those aspects of the chancellor's judgment.  However, the chancellor incorrectly found that section 27-45-27(2) retroactively precluded Durrant's claim that the 2016 tax sale should be set aside.  Accordingly, that aspect of the chancellor's judgment is reversed, and this case is remanded for further proceedings consistent with this opinion.

¶24.    **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.  McDONALD, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. BARNES, C.J., NOT PARTICIPATING.**